Willard Bostick v. Commissioner.
Bostick v. Commissioner
Docket No. 91125.
United States Tax Court
T.C. Memo 1963-170; 1963 Tax Ct. Memo LEXIS 175; 22 T.C.M. (CCH) 812; T.C.M. (RIA) 63170; June 19, 1963
Willard Bostick, pro se, E. Cedar St., Cary, N. C. John F. Papsidero, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1959 in the amount of $754. Petitioner in his petition alleged that the determination set forth in the notice of deficiency was based upon the following errors: A. Deficiency notice, copy attached, marked Exhibit A. B. Revenue Service ignored the returned on form 1040 and calculated the tax to suit President and Commissioner. C. Every effort has been made to make Taxslave W. Bostick *176 as listed on return, a real condition of TAX SLAVERY… and still the 90 day letter was sent to "WILLARD BOSTICK". D. TAX SLAVES were cheated on number of personal exemptions. E. Tax Slaves were then cheated on actual cash value of the exemptions and the one exemption deficiency allows. F. Petitioner, Taxslave Willard Bostick has been worried and cheated by REVENUE SERVICE until now he does not have any job or income whatsoever to date and cannot study anything worthwhile as he must spend most of his time thinking about revenue service. G. Revenue Service Worried Employers and Friends of Taxslave Petition. H. Revenue Service is major errow in sound government…. As is. I. Many other errows. Respondent in his answer denied each of these allegations of error. At the trial petitioner stated that the money he received from his employers in 1959 was a loan to him and that in the year 1959 he supported his mother and minor son. From this statement we will view the issues to be whether petitioner received any income in the year 1959 and whether he is entitled to a dependency exemption for his mother and his son. At the trial petitioner offered no evidence, although he was *177 informed by the Court that his failure to prove error in respondent's determination would result in that determination being sustained. Respondent did not move to dismiss for failure to prosecute properly but offered in evidence a copy of petitioner's income tax return for the year 1959 and a copy of the deficiency notice and requested that the case be decided on the basis of the pleadings and this evidence. Findings of Fact Petitioner during 1959 was a resident of Bedford, Ohio. He filed his Federal income tax return for the calendar year 1959 with the district director of internal revenue at Cleveland, Ohio. On this return he showed total wages of $1,800 and income tax withheld of $565.57. He claimed three personal exemptions and opposite the designation "Other Deductions" placed three amounts, one of $22,500, another of $10,000, and the other of $100,000. The return showed no tax due. Respondent in his notice of deficiency gave the following explanation: During the taxable year 1959 you were employed by The S. K. Wellman Company, Bedford, Ohio, and earned taxable wages aggregating $4,665.69. It is held that the deductions, exemptions and exclusions from income claimed *178 or otherwise reflected in Form 1040 which you submitted for 1959 are unallowable for the reason that there is no basis in law for such deductions, exemptions and/or exclusions, and/or for the reason that you have failed to substantiate such deductions, exemptions or exclusions. Accordingly, your income tax liability is computed on the basis of a single individual in accordance with Section 3 of the Internal Revenue Code, as follows: Total wages from The S. K. Well-
man Company
$4,665.59
Tax from tax table (Section 3,
I.R.C.)
$ 754.00
Income tax liability
$ 754.00
Income tax liability declared by
taxpayer
0
Deficiency
$ 754.00
Less: Credit for tax withheld from
wages
448.93
Balance of tax due
$ 305.07
Opinion At the trial petitioner stated that he supported his son in 1959 and that he also supported his mother. He stated that his question was "What is actual cash value of a $600 exemption?" He further stated, "* * * I accept all my funds now as a loan." The Court explained to petitioner that the statute permitted him a deduction from income of $600 as an exemption for his son if he furnished over one-half of his son's support *179 and a deduction of $600 as an exemption for his mother if her income were less than $600 for the year 1959 and he furnished over one-half of her support. The Court informed petitioner that he had the burden of proving error in respondent's determination. After questioning petitioner as to the payments he made for his son's support in the year 1959, the Court specifically stated to him that it would be necessary for him to be sworn as a witness and to testify with respect to the payments he made for his son's support in order for his statements to constitute evidence. His reply was that he did not want to testify because his word was "just as good standing here as it would be under oath." Petitioner offered no evidence to show that the amount respondent determined he received as wages was in fact a loan. He offered no evidence to show that he is entitled to a $600 exemption for any dependent in the year 1959. Petitioner argues that a credit against the tax should be allowed for a dependent so that each taxpayer would receive the same dollar amount of tax benefit irrespective of his tax bracket. The statute provides for a deduction from income of an exemption for a dependent (section 151 of the Internal Revenue Code *180 of 1954) but makes no provision for a tax credit because of support of a dependent. In the state of the record, there is no evidence to show error in respondent's determination. Because of petitioner's failure of proof, respondent's determination is sustained. Decision will be entered for respondent.